Arbona Lago, Juez Ponente
*889 TEXTO COMPLETO DE LA SENTENCIA
Nos corresponde atender el recurso de apelación de epígrafe, el cual fue presentado en tiempo ante el Tribunal Superior, Sala de Arecibo. Atendiendo las disposiciones de la Ley de la Judicatura de 1994 y estando dicho recurso pendiente ante dicho Foro nos fue remitido para la continuación del trámite apelativo. Habida cuenta de que el recurso ha quedado perfeccionado procedemos a resolver.
El apelante, Davis & Geck, Inc. recurre de la Sentencia dictada el 18 de marzo de 1994 por el Tribunal de Distrito, Sala de Manatí (Hon. Misael Ramos Torres, J.) mediante la cual se declaró Con Lugar una reclamación por despido injustificado.
En su "Escrito de Apelación" Davis & Geck hizo tres (3) señalamientos de error, a saber:
"A. ERRO EL HONORABLE TRIBUNAL DE INSTANCIA AL NO CONCLUIR QUE LA DEMANDANTE ESTABA AL MOMENTO DE SU DESPIDO INCAPACITADA PARA DESEMPEÑAR LAS FUNCIONES DE LA POSICION QUE OCUPABA AL MOMENTO DE ACCIDENTARSE, A PESAR DE ASI EVIDENCIARLO LA PRUEBA IN CONTROVERTIDA PRESENTADA SIN QUE LA MISMA FUESE IMPOSIBLE O INVEROSIMIL.

B. ERRO EL HONORABLE TRIBUNAL DE INSTANCIA AL CONCLUIR QUE LA DEMANDANTE HABIA CUMPLIDO CON TODOS LOS REQUISITOS DEL ARTICULO 5-A DE LA LEY DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO.

C. ERRO EL HONORABLE TRIBUNAL DE INSTANCIA AL CONCLUIR QUE EL DESPIDO DE LA DEMANDANTE FUE UNO INJUSTIFICADO SEGUN LA LEY NUM. 80 DEL 30 DE MAYO DE 1976."

I
A fin de resolver la controversia planteada veamos qué hechos pertinentes quedaron probados de acuerdo a la prueba documental aceptada en evidencia, así como de la prueba testifical según surge de la exposición narrativa de la prueba.
La Sra. Melba Ortiz Archilla (en adelante "la querellante-apelada" o la "Sra. Ortiz") se desempeñaba como "Inner Seal Machine Operator" en Davis & Geck, Inc. En el descargo de sus funciones la Sra. Ortiz utilizaba una máquina para sellar suturas esterilizadas dentro de un empaque. Como parte del proceso la maquinaria selladora requería ser desinfectada periódicamente. Para ello la querellante-apelada utilizaba los productos químicos conocidos como "Staphin" y "Amphyl".
El 30 de junio de 1988 la Sra. Ortiz fue referida al Fondo del Seguro del Estado (en adelante F.S.E.). En el informe del patrono señaló que: "alega la empleada que estando en el área estéril (sic) trabajando y sellando material sintió dolor en los ojos, dolor en los pómulos y de cabeza. Luego le salieron ronchas por los brazos y manos con picor". En esa misma fecha la apelada fue examinada por el Dr. Angel M. Abreu quien le diagnosticó una condición alérgica y ordenó que ésta continuaría recibiendo tratamiento médico en descanso. El 26 de agosto de 1988 la paciente fue nuevamente examinada por el Dr. Abreu quien entonces recomendó que a partir del 29 de ese mes se continuara el tratamiento mientras trabajaba (C.T.).
Durante los primeros días del mes de septiembre la Sra. Ortiz regresó a su posición como "Inner Seal Machine Operator" y el 14 de septiembre el Dr. Abreu nuevamente ordenó que el tratamiento médico lo recibiera en descanso. No obstante, mediante "Informe Médico Especial" de 28 de octubre de 1988 se recomendó que la Sra. Ortiz podría regresar al trabajo siempre que no se expusiera al "spray del desinfectante staphin". Atendida tal recomendación, el 1 de noviembre de 1988 el F.S.E. determinó que la paciente recibiría tratamiento mientras trabajaba (C.T.). Finalmente el 19 de marzo de 1991 fue que el F.S.E. le dio el Alta Definitiva con una incapacidad de 10%.
*890 El Art. 5A de la Ley Núm. 45 de 18 de abril de 1935, según enmendada, Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. see. 7, protege al trabajador que sufre un accidente o enfermedad ocupacional que lo inhabilita para trabajar. Dicho estatuto le impone al patrono la obligación de reservar la posición de tal empleado desde el momento que ocurre el accidente y por doce (12) meses. Por tanto, si dentro de ese término el empleado es dado de alta puede solicitar que se le reponga en su empleo, y el patrono está obligado a ello siempre y cuando se cumplan tres requisitos, a saber: 1) que la solicitud se haga dentro del término de quince (15) días de haber sido dado de alta definitivamente y autorizado a trabajar por el F.S.E. y que no se realice luego de transcurrido doce (12) meses desde la fecha del accidente o enfermedad; 2) que el obrero esté mental y físicamente capacitado para desempeñarse en las funciones del empleo que ocupaba; 3) y que dicho empleo subsista al momento de la solicitud. De lo anterior surge que si el empleado que cumple con tales requisitos, la no reinstalación constituye despido injustificado. Vélez Rodríguez v. Pueblo International, Inc., 137 D.P.R. _ (1994), 94 J.T.S. 37.
En Torres González v. Star Kist Caribe, Inc., 136 D.P.R. _ (1994), 94 J.T.S. 5 se atendió el planteamiento de si una determinación del F.S.E. autorizando a un empleado a trabajar mientras recibe tratamiento (C.T.) tiene el efecto de interrumpir el término de doce (12) meses que establece el Art. 5A., supra. Al resolver en la negativa el Tribunal señaló que dicha determinación no constituye el alta definitiva que requiere el Art. 5A, toda vez que dicho período es uno de caducidad y por lo tanto no susceptible de ser interrumpido.
III
En el caso que nos ocupa el accidente de la Sra. Ortiz ocurrió el 30 de junio de 1988. En esa misma fecha se reportó al F.S.E. donde se le diagnosticó una condición alérgica y comenzó a recibir tratamiento. Durante los meses posteriores y de forma intermitente la Sra. Ortiz recibió tratamiento en descanso y mientras trabajaba. Sin embargo, el alta definitiva a los efectos del Artículo 5A no ocurrió hasta el 19 de marzo de 1991, es decir luego de dos (2) años, ocho (8) meses y diez y nueve (19) días de transcurrida la fecha del accidente. Siendo así erró el Tribunal de Instancia al resolver que hubo un despido injustificado.
Si bien es cierto que para el 1 de noviembre de 1989 el F.S.E. determinó que la empleada podía regresar a trabajar, surge del récord médico que dicho regreso estaba condicionado a que la querellante-apelante no se expusiera al "spray del desinfectante staphin". Es decir, de regresar a trabajar tendría que hacerlo en una labor diferente a la de "Inner Seal Machine Operator" pues al realizar las funciones de tal cargo tendría que advenir en contacto con el "Staphin" y ésto le estaba vedado por orden médica del facultativo del F.S.E. En vista de tal situación fáctica, donde no hubo una alta definitiva hasta trascurrido el término fatal de doce (12) meses, no es correcta la determinación del Tribunal de Instancia a los efectos de que para el 1 de noviembre de 1989 la Sra. Ortiz estaba lista para solicitar ser repuesta en su empleo. En consideración de todo lo anterior se revoca por la presente la Sentencia apelada y en su lugar se declara No Ha Lugar la Querella interpuesta por la Sra. Melba Ortiz Archilla contra Davis & Geck, Inc.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General